DONALD W. AND ANITA C. FAUSNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fausner v. Commissioner
Docket No. 6072-91
United States Tax Court
T.C. Memo 1993-170; 1993 Tax Ct. Memo LEXIS 175; 65 T.C.M. (CCH) 2442; April 19, 1993, Filed *175 Donald W. Fausner, pro se. For respondent: Roberta D. Amaya. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent mailed a notice of deficiency respecting petitioners' Federal income tax for tax year 1982, determining additions to tax for negligence under section 6653(a)(1) and (2) in the amounts of $ 641.23 and 50 percent on the portion of the underpayment attributable to negligence, as well as an addition to tax in the amount of $ 3,847.35 for valuation overstatement under section 6659. When the case was called for trial, respondent's counsel conceded that there were no additions due from petitioners for the taxable year 1982 and moved that the Court enter a decision in favor of petitioners. Respondent's counsel informed the Court that he mailed a decision document to petitioners reflecting the concessions, but petitioners refused to sign the document. Petitioner Donald W. Fausner then orally moved for *176 an award of reasonable litigation costs pursuant to section 7430 and Rule 231. Subsequently, on July 6, 1992, petitioners filed a Motion to Award Petitioners Compensation Under Tax Court Rule 231. Respondent filed a notice of objection which encompassed a legal memorandum on September 24, 1992. Petitioners filed a reply to respondent's objection on October 8, 1992. After respondent's concessions as to all additions, which we will accept, the sole remaining issue is whether petitioners are entitled to reasonable litigation costs pursuant to section 7430. Petitioners resided in San Diego, California, when they filed their petition. Hereafter, the term "petitioner" in the singular will be used to refer to Donald W. Fausner. Background
This case arose as a result of petitioners' investment in Winning Winds Partnership (Winning Winds), part of the Turbowind tax shelter project. The partnership issues pertaining to Winning Winds, taxable year 1982, were resolved at the partnership level in a TEFRA proceeding, as described below. In the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, Congress introduced a unified procedure whereby the *177 tax treatment of partnership items is determined at the partnership level in a single proceeding at both the administrative and judicial levels. Secs. 6221 through 6233. Winning Winds was the subject of an administrative proceeding, and a final partnership administrative adjustment (FPAA) was issued. A Petition for Readjustment of Partnership Items was filed in this Court on July 10, 1986, by Richard J. Suszko, the tax matters partner of Winning Winds, captioned Winning Winds Partnership, Richard J. Suszko, Tax Matters Partner v. Commissioner of Internal Revenue, docket No. 27551-86. By Order dated October 27, 1989, Bruce D. Hay was appointed as the successor tax matters partner, and the caption of the case was amended accordingly. Petitioners attempted to elect to participate in the case at docket No. 27551-86, pursuant to section 6226(c)(2) and Rule 245(b), but their notice of election to participate, received by the Court on December 19, 1989, was returned as untimely. A decision was entered on April 4, 1990, in docket No. 27551-86, reflecting the settlement reached between respondent and tax matters partner Bruce D. Hay. For the tax year 1982, a settlement offer was *178 made to individual Winning Winds Partners. The terms were as follows: (1) The investors were allowed an ordinary loss in the amount of their cash invested, and the investment tax and business energy credits claimed were disallowed; (2) the section 6659 addition was reduced to 20 percent of the investment credit; (3) additional interest under section 6621(c) was applied in the year of investment; and (4) section 6653(a)(1) and (a)(2) additions were conceded. The settlement offer also applied to any subsequent years already examined. For subsequent years, the investors were to concede any losses claimed, and respondent conceded all additions to tax. This offer was mailed to petitioners on or about March 15, 1989. Petitioners claim they never received the offer because it was mailed to their old address and the letter was not forwarded by the Postal Service. In the meantime, petitioners filed an action in this Court on October 7, 1988, captioned Donald W. & Anita C. Fausner v. Commissioner of Internal Revenue, at docket No. 26210-88S. In that case petitioners sought a redetermination of additions to tax for 1983 under sections 6653(A)(1)(A), 6653(A)(1)(B), [1] and 6659. A *179 decision was entered in that case on August 28, 1989. The decision was executed by petitioners and respondent on August 8, 1989. In the decision, respondent conceded all additions and further stipulated that there were no underpayments for the taxable year 1983 attributable to a tax-motivated transaction for purposes of computing interest under section 6621(c), formerly section 6621(d). Obviously, petitioners met with respondent and accepted respondent's settlement offer. The earlier settlement offer for tax year 1982 was again made to petitioners, on or about June 12, 1990, after the decision was entered in the TEFRA proceeding at docket No. 27551-86. Partners such as petitioners, who did not accept the settlement offer, were issued a notice of deficiency asserting only additions to tax. After an exchange of correspondence between petitioner and respondent which began as early as 1988, petitioner met with appeals officer Susan Osteen and *180 told her that he had claimed no investment tax credit for tax year 1982. Consequently, she added a note to her Appeals Transmittal Memorandum and Supporting Statement dated June 12, 1990, as follows: "No penalties apply to investor Don Fausner because he claimed no investment tax credit. In addition, Se. 6621(c)[sic] will not apply because his cash investment exceeds the loss claimed in 1982." In fact, petitioner claimed an investment tax credit of $ 12,600 on his joint Federal income tax return for 1982. Discovery of this fact by the Fresno Service Center led to the mailing of a notice of deficiency on January 14, 1991, in which respondent determined additions to tax under sections 6653 and 6659. As a result of the decision entered in the TEFRA case at docket No. 27551-86, petitioners received a Report of Individual Income Tax Examination Changes, Form 1902C, dated January 7, 1991. Petitioners' tax liability for 1982 was increased by $ 7,487.81. Interest in the amount of $ 12,626.93 was assessed. Petitioners paid these amounts in January and March of 1991. On March 11, 1991, petitioners filed an action in this Court captioned Donald W. and Anita C. Fausner v. Commissioner *181 of Internal Revenue, at docket No. 4396-91, based on the Report of Individual Income Tax Examination Changes, Form 1902C, mailed to petitioners for their taxable year 1982. In their petition, petitioners attempted to relitigate the partnership issues. Respondent filed a motion to dismiss for lack of jurisdiction on April 8, 1991, upon the ground that the Form 1902C was not a notice of deficiency authorized by section 6212(a). We granted respondent's motion by Order entered July 2, 1991. In our order of dismissal, we explained to petitioners that the tax treatment of partnership items is generally determined at the partnership level pursuant to sections 6221 through 6233. The FPAA sends a notice to the tax matters partner, and that party goes forward with the case. Only one case may go forward, and the decision in that case binds all partners with an interest in the outcome of the proceeding. Secs. 6623, 6226. The Court does not have authority in a subsequent proceeding to consider amounts attributable to partnership items. The additions to tax, on the other hand, are not decided at the partnership level. So when respondent seeks to assess additions to tax against a partner *182 whose partnership items have been adjusted, she must issue a notice of deficiency for the additions, as respondent did by mailing petitioners a notice of deficiency on January 14, 1991. With regard to the notice of deficiency determining the subject additions to tax mailed on January 14, 1991, petitioners filed their petition in this case on April 2, 1991. On July 27, 1991, we received a document entitled Motion to Join Both Payment Demands For Taxable Year 1982, in which petitioner claimed that respondent failed to issue a notice of deficiency for the increase in tax and interest relating to the partnership items. This document was returned because it was not a proper document to be filed with the Court. By letter dated September 12, 1991, Ms. Osteen offered petitioners the following settlement of their case; respondent will concede all negligence additions and reduce the section 6659 addition to 10 percent of the prior deficiency of $ 7,847 as calculated on the Form 1902C. Also enclosed with the letter was a proposed decision document prepared for petitioners' signatures. Petitioners did not accept the offer. On May 1, 1992, we received a document captioned Motion To Have *183 All Parts Of Report Of Individual Income Tax Examination Changes Included In That Notice Of Deficiency Presently Before The Court. We returned this document to petitioners unfiled because it was not a proper document to be filed with the Court. Again, on June 2, 1992, respondent's counsel wrote petitioners and informed them that respondent intended to concede all additions and enclosed proposed decision documents reflecting the full concessions. Petitioners did not sign the document. We will now address the merits of petitioners' motion for award of litigation costs. Pursuant to section 7430(a), a prevailing party in certain civil tax proceedings may be awarded a judgment for reasonable administrative and litigation costs. To be a "prevailing party" under section 7430(c)(4), the party seeking the award must: (1) Establish that the position of the United States in the proceedings was not substantially justified, sec. 7430(c)(4)(A)(i), (2) substantially prevail in the controversy, sec. 7430(c)(4)(A)(ii), and (3) establish that he or she had a net worth which did not exceed 2 million dollars at the time the proceeding was commenced, sec. 7430(c)(4)(A)(iii). A judgment for litigation *184 costs will not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative remedies available with the Internal Revenue Service. Sec. 7430(b)(1). No award for reasonable costs may be made with respect to any portion of the proceeding during which the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). All of these requirements must be met. Polyco, Inc. v. Commissioner, 91 T.C. 963 (1988); Sher v. Commissioner, 89 T.C. 79, 83 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The parties agree that petitioner has substantially prevailed. Respondent agrees with petitioner that the Commissioner's position with respect to the addition to tax under section 6659 was not substantially justified, but maintains that the position with respect to the additions to tax for negligence under section 6653(a)(1) and (2) was substantially justified. Respondent contends that petitioners have not exhausted their administrative remedies. Respondent also contends that petitioner's actions have served to unreasonably protract the *185 Court and administrative proceedings. The remaining questions are (1) whether petitioners have established that respondent's position with respect to the additions to tax for negligence was not substantially justified; (2) whether petitioners satisfy the net worth requirements of section 7430(c)(4)(A)(iii); (3) whether petitioners have exhausted their administrative remedies; and (4) whether petitioners have unreasonably protracted the proceedings. A. Substantially Justified
Respondent concedes that her position was not substantially justified with respect to the addition to tax under section 6659, but makes no such concession with respect to the additions to tax for negligence. Petitioner argues that for tax year 1983 this Court held he was not liable for additions to tax under section 6653 or section 6659. A decision was entered in that case on August 28, 1989, approximately 7 months before the decision was entered for the 1982 taxable year in the TEFRA case. Petitioner argues that respondent was required to adopt a consistent position as to tax year 1982. A party seeking litigation costs bears the burden of proving entitlement to them. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990); *186 Stieha v. Commissioner, 89 T.C. 784, 790 (1987). In meeting the burden of proof, petitioner must establish, essentially, that respondent's position was unreasonable. Sher v. Commissioner, 89 T.C. 79, 83 (1987), affd. 861 F.2d 131 (5th Cir. 1988) ("substantially justified" test of amended section 7430 not a departure from previous reasonableness standard). The United States Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, equates the term "substantially justified" with the term "reasonable". Estate of Merchant v. Commissioner, 947 F.2d 1390 (9th Cir. 1991), affg. T.C. Memo. 1990-160. We do not assume that respondent's position was unreasonable simply because she conceded the issue. Id.; Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 689. Petitioner seeks to invoke the judicial doctrine of res judicata or the related doctrine of collateral estoppel. The doctrine of res judicata was developed by the courts to bar repetitious suits on the same cause *187 of action. It provides that, when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound as to every matter which was introduced into evidence and also as to any other admissible matter which might have been offered for that purpose. Commissioner v. Sunnen, 333 U.S. 591, 557 (1948); Kroh v. Commissioner, 98 T.C. 383 (1992). It is well established that income taxes are levied on an annual basis, and each year is the origin of a new liability and of a separate cause of action. Commissioner v. Sunnen, supra at 598. As tax years 1982 and 1983 involve different causes of action, the doctrine of res judicata does not apply in this case. Where a second action between the same parties is upon a different cause of action, the applicable doctrine of collateral estoppel or issue preclusion is applied. Under the doctrine of collateral estoppel, a judgment in a prior suit precludes, in a second cause of action, litigation of issues actually litigated and necessary to the outcome of the first action. *188 Commissioner v. Sunnen, supra at 598-599; Kroh v. Commissioner, supra.
Our decision as to petitioner's 1983 tax year reflected petitioner's acceptance of respondent's settlement offer extended to all Turbowind investors. The merits of petitioner's individual case were never actually litigated. Consequently, we hold that respondent is not collaterally estopped from taking an inconsistent position with respect to petitioner's negligence for tax year 1982. Petitioner has the burden of proving that respondent's determination of the additions to tax was unreasonable in view of the facts available at the time of trial. DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). Petitioner brought forth no evidence with a bearing on the question of whether he was negligent in making his investment in Winning Winds or on the question of whether respondent's determination was unreasonable, with the exception of the argument that respondent was barred from so doing. We hold that petitioner has failed to carry his burden of proof in establishing that respondent's position was not substantially *189 justified. B. Net Worth
Section 7430(c)(4)(A)(iii), in defining a "prevailing party", incorporates the net worth requirements of 28 U.S.C. section 2412(d)(2)(B). The latter section provides that a "party" means an individual whose net worth did not exceed $ 2,000,000 at the time the civil action was filed. Rule 231(b)(5) requires a statement, supported by an affidavit executed by the moving party, that the moving party meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B), if applicable. Petitioner's motion did not contain this affidavit. For this reason, he has failed to establish that he is a "prevailing party" within the statutory definition. C. Reasonable Litigation Costs
Attached to petitioners' motion for litigation costs was the following affidavit containing a breakdown of their alleged: "Reasonable Litigation Claims: Re IRC section 7214". [2]
*190 (a)(1) due to extortion:
$ 15,138.94
(a)(3) due to malfeasance:
15,138.94
(a)(8) due to fraud:
Deliberately
5,000.00
Willfully
5,000.00
Knowingly
5,000.00
Responded deliberately, willfully
and knowingly filed Notice of
Deficiency with case on point for
same issues that were conceded for
taxable year 1983.
15,000.00
(a)(9) due to demand, attempt to
collect by direct payment any
sum of money for adjustment or
settlement of any alleged vio-
lation of law.
damages sustained in favor of
injured petitioners
10,000.00
malice and contemptious [sic]
attitude by respondent
4,000.00
Reasonable Administrative Claims: [1]
26 hours of petitioner's time at
$ 75 per hour
1,950.00
TOTAL
$ 76,227.88
We note that petitioner's motion lists no recoverable litigation costs within the statutory definition. The definition of "reasonable litigation costs" includes such items as court *191 costs, expenses of expert witnesses, studies, reports, tests, and attorney's fees. Sec. 7430(c)(1). Petitioner's claim for $ 1,950 for his own services is not allowable. Frisch v. Commissioner, 87 T.C. 838 (1986). The remaining amount of $ 74,277.88 in damages for willful, flagrant conduct, extortion, and intimidation does not fall within the definition of reasonable litigation costs in section 7430. At the hearing, petitioner mentioned the expenditure of $ 9 for a copy of the Tax Court Rules, which amount was not mentioned in his motion. For the reasons stated above, we hold that petitioners do not satisfy the statutory definition of "prevailing party". Consequently, we do not reach the questions of whether they have exhausted their administrative remedies or unnecessarily prolonged the proceedings. Therefore, petitioners' motion for an award of litigation costs will be denied. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. The correct sec. for these additions in 1983 was 6653(a)(1) and (2).↩
2. Section 7214(a), reads as follows: (a) Unlawful acts of revenue officers or agents. Any officer or employee of the United States acting in connection with any revenue law of the United States -- (1) who is guilty of any extortion or willful oppression under color of law; or (2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation or reward, except as by law prescribed, for the performance of any duty; or (3) who with intent to defeat the application of a provision of this title fails to perform any of the duties of his office or employment; or (4) who conspires or colludes with any other person to defraud the United States; or (5) who knowingly makes opportunity for any person to defraud the United States; or (6) who does or omits to do any act with intent to enable any other person to defraud the United States; or (7) who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return, or statement; or (8) who, having knowledge or information of the violation of any revenue law by any person, or of fraud committed by any person against the United States under any revenue law, fails to report, in writing, such knowledge or information to the Secretary; or (9) who demands, or accepts, or attempts to collect, directly or indirectly as payment or gift, or otherwise, any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except as expressly authorized by law so to do; shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $ 10,000, or imprisoned not more than 5 years, or both. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution.↩
1. This section entitled Reasonable Administrative Claims represents a summary of petitioner's figures↩