VIRGINIA BOYLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boyle v. Commissioner
Docket No. 1838-92
United States Tax Court
T.C. Memo 1995-74; 1995 Tax Ct. Memo LEXIS 75; 69 T.C.M. (CCH) 1910; February 15, 1995, Filed *75 An appropriate order will be issued denying petitioner's Motion for Litigation Fees and Costs Pursuant to Section 7430(a)(2). For petitioner: Leonard S. Roth. For respondent: Andrew M. Tiktin. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on petitioner's Motion for Litigation Fees and Costs Pursuant to Section 7430(a)(2), filed September 23, 1994. No hearing has been requested; therefore, we shall decide petitioner's motion based on the pleadings, affidavits, and the record in its entirety. On August 29, 1994, this Court filed its Memorandum Opinion in Boyle v. Commissioner, T.C. Memo. 1994-438. In that opinion we granted petitioner innocent spouse relief, pursuant to section 6013(e), [1] from deficiencies and additions to tax attributable to grossly erroneous items of her former husband for the 1980 and 1981 taxable years. *76 The issues presented in the immediate case, for purposes of determining whether or not the Court will award reasonable litigation costs pursuant to section 7430, are: (1) Whether or not respondent's position was substantially justified during the course of these proceedings. We hold that respondent was substantially justified in her position during these proceedings and acted in a reasonable manner throughout. (2) Whether, in the event respondent's position was not substantially justified, the amount of costs claimed by petitioner in her motion is reasonable. Because we hold that respondent's position was substantially justified, we do not address this issue. Factual Background
Prior to and at the time of the May 10, 1993, trial of this case, wherein the innocent spouse issue was tried, a stipulation of settled issues and a stipulation of facts, with attached exhibits, were filed. By this reference, those facts are so found and incorporated herein. At the time the petition was filed, petitioner resided in Houston, Texas. The statutory notice of deficiency upon which petitioner's case is based is dated October 24, 1991. On September 27, 1989, prior to the issuance *77 of the notice of deficiency in the instant matter, both petitioner and her former husband, Frank Boyle, were contacted by the Internal Revenue Service with regard to petitioner's claim for innocent spouse relief. During the course of interviewing petitioner and Mr. Boyle, the revenue agent obtained information which suggested that petitioner was not entitled to innocent spouse relief. [2]
*78 The statutory notice of deficiency was issued on October 24, 1991, after the Associate Chief of Appeals (Appeals Officer), who supervised the handling of petitioner's case through the appeals process, became aware that Mr. Boyle claimed facts that would negate petitioner's claim for innocent spouse relief. On or about the date the notice of deficiency was issued the appeals officer requested written statements from petitioner and Mr. Boyle with respect to petitioner's claim for innocent spouse relief. Pursuant to a request for a written representation of facts and events pertaining to petitioner's innocent spouse claim, respondent received a letter dated December 9, 1991, from Mr. Boyle, by which respondent learned of the following alleged facts: (1) In 1980 and 1981, petitioner was a bank loan officer trained in financial matters. She earned substantial income in the amount of $ 33,000 during the taxable year 1981; (2) Petitioner probably possessed greater financial sophistication than Mr. Boyle; (3) Petitioner participated in the Boyles' financial and investment decisions during their marriage; (4) Petitioner was well acquainted with Tom Winn, the promoter of Conveyor Products *79 and JRK. Mr. Boyle believed that petitioner made loans to bank clients for the purpose of investing in Mr. Winn's tax shelters; (5) Mr. Boyle adamantly claimed that petitioner knew and had reason to know of the nature and tax advantages of Conveyor Products and JRK; (6) Petitioner attended several meetings and actively participated in the Boyles' previous tax sheltered investment involving a California vineyard; (7) Petitioner received substantial marital assets from her divorce from Mr. Boyle in 1987. The assets she received from the divorce far exceeded any assets she could have acquired solely from her earnings as a bank officer; (8) In the divorce, petitioner received a boat named Proven Products that was purchased in March of 1981. This boat cost $ 11,000 to $ 12,000; (9) In March of 1980, the Boyles' lifestyle substantially improved when they purchased a new residence at 1018 Crossroads, Houston, Texas, which had much greater value than their previous home. The Boyles paid $ 44,951.37 in cash at closing plus a note requiring monthly payments of $ 1,629. Petitioner continued to live in this house after the Boyles separated, and Mr. Boyle continued to make the mortgage *80 payments. Petitioner received this residence in the divorce and subsequently sold it for approximately $ 90,000, plus possibly another property; (10) On December 3, 1980, the Boyles purchased a lake house at 123 Briarcliff. They paid $ 39,648 cash at closing. Petitioner received this lake house upon her separation from Mr. Boyle and later in the divorce. She still has this property; (11) The following items were those purchased "specifically" for petitioner: 1980
Buick
$ 9,680.35
1980
Fur Coat
3,178.94
1983
Rolex Watch
2,700.00
(12) Petitioner significantly benefited from the refunds issued with respect to her 1980 and 1981 joint income tax returns because Mr. Boyle used these refunds to pay community debt incurred to acquire community assets; and (13) Petitioner also benefited because she did not pay enough withholding during the years at issue to cover the income tax liability on her own salary as a bank officer. The JRK and Conveyor Products losses, therefore, assisted her in withholding less and keeping more of her salary. Subsequently, respondent received a letter dated January 17, 1992, from Mr. Boyle, alleging that: (1) At the time the Boyles divorced, *81 Mr. Boyle's business, International Homes, Inc. was insolvent. The corporation's insolvency was illustrated by its 1986 income tax return, which showed a loss of $ 572,742; (2) In addition to receiving from the divorce the houses at 1018 Crossroads (with estimated equity of $ 100,000) and 123 Briarcliff (with estimated equity of $ 50,000) and a boat, petitioner also received nearly all furnishings from the two houses, $ 40,000 of sterling silver, property in Magnolia, Texas, worth $ 10,000 to $ 12,000, jewelry and furs worth at least $ 10,000, her Buick automobile (free and clear of debt), and bank stock and certificates of deposit worth $ 20,000 to $ 30,000; (3) Mr. Boyle received the following items from the divorce: worthless stock in International Homes, Inc.; a $ 30,000 interest in a partnership owning land in Katy, Texas; a $ 7,000 interest in a partnership owning one acre of land in Texas; a $ 15,000 to $ 20,000 interest in a partnership owning land near Magnolia, Texas; miscellaneous personal property worth $ 10,000 to $ 15,000.00; a house with equity of about $ 40,000; an interest in a partnership owning two rental houses, later sold for a net loss; and stocks, bonds, *82 and savings with an estimated worth of $ 30,000 to $ 40,000; and (4) Mr. Boyle paid substantial sums of community debt subsequent to divorce without any contribution from petitioner. Furthermore, Mr. Boyle provided respondent with two witnesses who, at trial, testified that petitioner had knowledge of the investments causing the understatement of tax for the years at issue. [3]
*83 Discussion
Section 7430(a) authorizes an award to the prevailing party of reasonable administrative costs incurred in an administrative proceeding within the Service and of reasonable litigation costs incurred in a court proceeding. In order to qualify for such an award, petitioners must: (1) Prove that they are a prevailing party by, inter alia, establishing that the position of the United States in the proceeding was not substantially justified; (2) not have unreasonably protracted either the administrative or the court proceeding; (3) show that the costs claimed are reasonable administrative or litigation costs within the meaning of section 7430(c)(1) and (2); and (4) in the case of their claims for reasonable litigation costs, have exhausted the administrative remedies available to them. See sec. 7430(b) and (c). Petitioners have the burden of establishing all of the foregoing criteria in order to recover reasonable administrative and litigation costs. Rule 232(e); Minahan v. Commissioner, 88 T.C. 492, 497 (1987). Respondent concedes that: (1) Petitioner meets the net worth requirements; (2) petitioner has exhausted the administrative *84 remedies available to her within the Internal Revenue Service; and, (3) petitioner did not unreasonably protract the Court and administrative proceedings. As mentioned above, the issues remaining in the instant case are: (1) Whether petitioner has established that the position of respondent was not substantially justified, and (2) if so, then to what extent, if any, are the fees claimed reasonable. To be considered a prevailing party within the meaning of section 7430(c)(4), petitioner must show, inter alia, that the position of the United States[4] in the proceeding was not substantially justified. Sec. 7430(c)(4)(A)(i). *85 The prevailing party in both administrative proceedings and judicial proceedings who seeks reasonable administrative and litigation costs must establish separately that the position of the United States in each such proceeding was not substantially justified. Huffman v. Commissioner, 978 F.2d 1139, 1146 (9th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1991-144. The determination of whether that position was substantially justified in each of the proceedings depends upon whether it was reasonable. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). A determination of reasonableness must be based on all the facts and circumstances surrounding the proceeding in question. Estate of Merchant v. Commissioner, 947 F.2d 1390 (9th Cir. 1991), affg. T.C. Memo. 1990-160; Sher v. Commissioner, supra. Petitioner bears the burden of proving that respondent's position was not substantially justified. Rule 232(e); Stieha v. Commissioner, 89 T.C. 784, 790 (1987). *86 Petitioner, in meeting her burden of demonstrating that the position of the United States was not substantially justified, must show that, as of the time period applicable under section 7430(c)(7) in respect of each of the proceedings, legal precedent did not substantially support that position, given the facts available to respondent. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990); DeVenney v. Commissioner, 85 T.C. 927 (1985). In deciding whether petitioner has met her burden, we will examine the basis for respondent's position and the manner in which the position was maintained. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The fact that the Commissioner eventually loses or concedes a case, standing alone, is not sufficient to establish that the Commissioner's position was not substantially justified. Sher v. Commissioner, 861 F.2d 131, 134 (5th Cir. 1988), affg. 89 T.C. 79 (1987); Sokol v. Commissioner, 92 T.C. 760, 767 (1989). In assessing respondent's position in *87 each of the proceedings, we may consider, inter alia, whether respondent used the costs and expenses of litigation to extract unjustified concessions from petitioner, whether respondent pursued litigation to harass or embarrass petitioner, or whether respondent's pursuit of the present litigation was politically motivated. Rutana v. Commissioner, 88 T.C. 1329, 1333 (1987); DeVenney v. Commissioner, supra at 930. Based on the record as a whole, we find that respondent has not acted with any ill will or bad faith which might support a finding of unreasonableness based on the above-mentioned factors. Thorough review of the issues involved in this case and the evidence in the record leads to the conclusion that respondent's position during the administrative and litigation phases was not unreasonable. Respondent, through her Appeals Officer and counsel, analyzed, researched the innocent spouse issue, and interviewed witnesses concerning the case and, after reviewing the conflicting information available, made an educated decision that there was sufficient information to proceed on the basis that petitioner was not entitled *88 to innocent spouse relief as petitioner requested. Furthermore, we find that respondent's position as to petitioner's duty of inquiry, based on the record as a whole, was substantially justified irrespective of the testimony concerning petitioner's actual knowledge. Therefore, respondent's determination was reasonable, and her position throughout the course of the administrative and litigation proceedings was substantially justified. In light of the foregoing, the Court finds that respondent's position in this case was substantially justified. Because we find that respondent's position was substantially justified, we do not address whether petitioner's claimed costs and fees are reasonable. An appropriate order will be issued denying petitioner's Motion for Litigation Fees and Costs Pursuant to Section 7430(a)(2). Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. On Sept. 27, 1989, Mr. Boyle told the inquiring revenue agent that, inter alia, (1) petitioner knew about the grossly erroneous item for the 1981 taxable year at the time the investment took place; (2) petitioner had participated in a discussion with Mr. Boyle concerning the investment prospectuses; and (3) petitioner had received over 50 percent of the marital assets upon their divorce. Also on Sept. 27, 1989, petitioner told the same revenue agent that, inter alia, (1) petitioner began working at financial institutions in 1964; (2) petitioner had some knowledge of taxes and financial matters; (3) petitioner did not review her 1980, 1981, and 1982 income tax returns; and (4) petitioner was negligent in not questioning or challenging Mr. Boyle on the items reported on their joint income tax returns.↩
3. In Boyle v. Commissioner, T.C. Memo. 1994-438↩, we held that petitioner was entitled to innocent spouse relief. Petitioner and Mr. Boyle were divorced at the time of trial. The Court's decision was premised on what the Court perceived to be a bias against petitioner by respondent's witnesses, Mr. Boyle, and two of his friends. This bias, in turn, raised serious doubts in the Court's mind as to the credibility of respondent's witnesses. In this particular case, had we not perceived any bias, petitioner would not have been entitled to innocent spouse relief due to the testimony contrary to petitioner's case which tended to indicate that petitioner had actual and/or constructive knowledge of the investments which led to the substantial understatement of tax for the years at issue. We do not find respondent to be unreasonable in her position, in this particular case, merely because the Court found the credibility of these particular witnesses to be questionable.
4. For purposes of petitioner's claim for reasonable administrative costs, the "position of the United States" means the position taken by respondent in an administrative proceeding to which sec. 7430 applies as of Oct. 24, 1991, the date of the notice of deficiency in this case. Sec. 7430(c)(7)(B)(ii). This case was commenced by the filing of the petition on Jan. 24, 1992. Therefore, the "position of the United States" for purposes of petitioner's claim for reasonable litigation costs means the position first taken by respondent in this case on or after that date. Sec. 7430(c)(7)(A).↩