77 F.3d 490
 77 A.F.T.R.2d 96-823, 96-1 USTC P 50,156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TSA/THE STANFORD ASSOCIATES, INC., Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
Martha G. PRICE; Lewis E. Graham, II, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 Nos. 94-70359, 94-70360.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Feb. 6, 1996.
 
 1
 Before: WALLACE and THOMPSON, Circuit Judges, and SEDWICK, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Martha G. Price and Lewis E. Graham, II, and Graham's business, TSA/The Stanford Associates, Inc. (Taxpayers), sought attorney fees and costs under the Internal Revenue Code, 26 U.S.C. § 7430 (Code), for obtaining a redetermination of a tax deficiency issued by the Commissioner of the Internal Revenue Service (Commissioner). The tax court held the Taxpayers were not entitled to attorney fees and costs because they failed to show the Commissioner's position was "not substantially justified." We affirm.
 
 
 4
 We review the tax court's denial of an award of attorney fees and costs for abuse of discretion. Huffman v. CIR, 978 F.2d 1139, 1143 (9th Cir.1992).
 
 
 5
 According to section 7430.2 of the Internal Revenue Code, the taxpayer bears the burden of showing the Commissioner's position was not substantially justified.[1] 26 U.S.C. § 7430(c)(4)(i); Huffman, 978 F.2d at 1145. The Commissioner's position will be found to have been substantially justified if it had a "reasonable basis both in law and fact." Norgaard v. CIR, 939 F.2d 874, 881 (9th Cir.1991) (internal quotations omitted)
 
 
 6
 The Taxpayers contend the Commissioner's position lacked a reasonable basis in fact because the actuarial assumptions used by the Taxpayers were "reasonable in the aggregate," as required under Code sections 412(c)(3) and 404(a)(1)(A). The Taxpayers, however, did not establish a record that would provide a basis for concluding their assumptions were reasonable. Indeed, the Taxpayers moving papers in the tax court did not specify which actuarial assumptions they used to calculate their contributions to the pension plans. The Taxpayers might have made the necessary showing in an evidentiary hearing, but they declined such a hearing.
 
 
 7
 Although the Taxpayers inform this court of their assumptions in their briefs, nothing in the record before the tax court indicated what those assumptions were or what facts made those assumptions "reasonable in the aggregate" under the Code.
 
 
 8
 We conclude the Taxpayers did not meet their burden of showing the Commissioner's position was "not substantially justified" on factual grounds.
 
 
 9
 The Taxpayers also argue the Commissioner's position lacked a reasonable basis in law because, during the course of the dispute, several court rulings were issued which were contrary to the Commissioner's position. All of these cases, however, were decided after the Commissioner's notice of deficiency, and after the Commissioner filed its answer in the tax court.
 
 
 10
 Moreover, several cases diverged on the issue of who bears the burden of proof with regard to the reasonableness of actuarial assumptions. Compare Vinson & Elkins v. CIR, 99 T.C. 9, 17 (1992), aff'd, 7 F.3d 1235 (5th Cir.1993) (actuarial assumptions should not be challenged retroactively by the Commissioner unless "substantially unreasonable"), with Jerome Mizra & Assoc. v. United States, 692 F.Supp. 918, 920-21 (C.D.Ill.1988), aff'd, 882 F.2d 229 (7th Cir.1989), cert. denied, 495 U.S. 929 (1990) (taxpayer's burden to show actuarial assumptions are reasonable because assumptions form the basis for claimed deductions). If the Taxpayers bore the burden of showing their assumptions were reasonable, then the Commissioner's position requiring the Taxpayers to meet that burden was substantially justified. At best, the emerging law was uncertain during the course of this litigation and we cannot say the Commissioner's position here was not substantially justified.
 
 
 11
 The Taxpayers point out that during pretrial negotiations the Commissioner eventually agreed with them on the reasonableness of their actuarial assumptions, and the parties reached settlements. This concession by the Commissioner, however, does not mean its previous litigation position was not substantially justified. As we said in Estate of Merchant v. CIR, 947 F.2d 1390, 1395 (9th Cir.1991), "The government's decision to concede, rather than to litigate an arguable legal issue, does not in itself indicate that the government's pre-settlement position was unreasonable."
 
 
 12
 We conclude the tax court did not abuse its discretion in denying the Taxpayers' request for attorney fees and costs.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 7430 allows the tax court to award reasonable litigation costs if a petitioner can show (1) it exhausted all administrative remedies; (2) it met the net worth requirement; (3) it has substantially prevailed with respect to the amount in controversy or most significant issues; and (4) the position of the Commissioner was "not substantially justified." 26 U.S.C. § 7430. The Commissioner concedes the Taxpayers meet the first three requirements. Only the fourth requirement is at issue in this appeal