**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUANE H. GARVAIS,

        Plaintiff - Appellee,

  v.

UNITED STATES OF AMERICA,

        Defendant - Appellant.

No. 10-35369

D.C. No. 2:03-cv-00290-JLQ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted March 11, 2011
Seattle, Washington

Before: FISHER, GOULD, and TALLMAN, Circuit Judges.

    The United States appeals a final judgment following a bench trial in the

Eastern District of Washington in favor of Duane Garvais seeking damages for

malicious prosecution under the Federal Tort Claims Act, 28 U.S.C. § 2674. The

Government challenges the district court's conclusions regarding three of the five

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

malicious prosecution elements under Washington law, the substantive tort law applicable to the claim. *See* 28 U.S.C. § 1346(b)(1) (2006); *Clark v. Baines*, 84 P.3d 245, 248 (Wash. 2004). We affirm.[1]

We review mixed questions of law and fact de novo unless factual issues predominate, in which case they are reviewed for clear error. *Plata v. Schwarzenegger*, 603 F.3d 1088, 1093 (9th Cir. 2010); *see United States v. McConney*, 728 F.2d 1195, 1202–03 (9th Cir. 1984) (en banc), *overruled on other grounds by Estate of Merchant v. C.I.R.*, 947 F.2d 1390, 1392–93 (9th Cir. 1991). Regarding whether the BIA instituted or continued the tribal court prosecution against Garvais, factual issues predominate. While it is a close question, the record supports the district court's finding that the BIA both instituted and continued the criminal proceedings. Therefore, the district court's decision on this issue is not clearly erroneous.

The district court correctly concluded that Garvais's successful federal habeas petition, on the basis that he was a non-Indian defendant, satisfied the abandonment prong of a malicious prosecution claim. *See* Restatement (Second) of Torts §§ 659(c), 660, 661; *see also Peasley v. Puget Sound Tug & Barge Co.*, 125

---

[1] Because the parties are familiar with the facts, we repeat them here only as necessary to explain our decision.

P.2d 681, 687–88 (Wash. 1942) (stating requirements of malicious prosecution claim). This result also aligns with the Indian Civil Rights Act, 25 U.S.C. § 1303, which authorizes the use of the Great Writ to contest tribal court proceedings.

Finally, under Washington law, in a malicious prosecution claim the subjective views of the prosecutors that probable cause existed "merely constitute evidence which could be considered" along with all other evidence the district court heard to determine whether a "reasonable person" would believe probable cause existed. *Bender v. City of Seattle*, 664 P.2d 492, 502 (Wash. 1983); *see also Peasley*, 125 P.2d at 692. Thus, the determination that probable cause was lacking in a malicious prosecution claim is a primarily factual inquiry reviewed for clear error. *See Bender*, 664 P.2d at 502; *see also McConney*, 728 F.2d at 1202.

This too was a close question. But because the record as a whole supports the district court's conclusion that probable cause did not exist, we cannot declare it clear error. The United States did not challenge the factual finding that the case agent acted with malice. Accordingly, the record also supports the district court's determination that the BIA acted in bad faith. In the face of that determination, the Government's argument that it acted in good faith, and that probable cause is therefore established as a matter of law, fails. *See Bender*, 664 P.2d at 500

3

(explaining that full and fair disclosure made in good faith is a complete defense in a malicious prosecution action).

    **AFFIRMED**.