FRANK D. SPARKS AND EMILY J. SPARKS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 42022-85.          Filed December 8, 1986.

*Robert E. Kovacevich*, for the petitioners.
*Eileen Kato Player*, for the respondent.

WILLIAMS, *Judge*:* This case is before the Court on respondent's motion to sever from the petition the adjustments relating to the Project Omega Limited Partnership

---

*By order of the Chief Judge, this case was assigned to Judge Williams for decision and opinion.

that resulted in a portion of the deficiency determined by respondent in Federal income tax for petitioners' taxable year 1982.

The Commissioner determined deficiencies in petitioners' Federal income tax for the taxable years 1981 and 1982 and additions to tax as follows:[1]

| Year ended | | | *Additions to tax* | | |
|---|---|---|---|---|---|
| Dec. 31— | Deficiency | Sec. 6651[1] | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
| 1981 | $46,707.84 | $11,677 | $2,832 | 50% of the interest due on $46,707.84 | --- |
| 1982 | 30,595.50 | 2,486 | 1,535 | 50% of the interest due on $30,595.50 | $3,060 |

The issue this Court must decide is whether the partnership audit and litigation provisions, viz, sections 6221 to 6233, apply to the adjustments determined by respondent in connection with petitioners' interest in the Project Omega Limited Partnership (Project Omega or the partnership) for petitioners' 1982 taxable year. The resolution of this issue turns on the date that Project Omega's 1982 taxable year commenced.

## FINDINGS OF FACT

For purposes of this motion, all of the facts of this case have been stipulated and are so found. Petitioners resided at Oakland, California, at the time their petition was filed.

Respondent mailed a statutory notice of deficiency to petitioners on August 22, 1985, and in it disallowed petitioners' distributive share of the loss claimed by Project Omega for its taxable year ended December 31, 1982. Other adjustments unconnected with Project Omega also resulted in a deficiency determination for petitioners' taxable year 1982.

The offering memorandum for Project Omega dated May 25, 1982, states that the partnership's certificate of limited partnership will be filed upon termination of the offering pursuant to the Washington Limited Partnership Act.

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, unless otherwise indicated.

A notice of claim of exemption (from State securities law registration requirements) was filed with the secretary of state of Washington on March 31, 1982, claiming that the partnership "will be formed upon completion of the offering." The certificate and agreement of limited partnership was filed with the secretary of state of Washington on December 30, 1982. Subscription agreements executed by those seeking to participate as limited partners were considered for acceptance by the general partner. The offering was scheduled to close on June 1, 1982, but was extended until December of 1982. The offering could be terminated if all of the 80 units offered were not subscribed to by the closing date. Upon termination, all funds and documents were returnable to the subscribers.

The Project Omega Limited Partnership Agreement, the notice of claim of exemption, and the offering memorandum of the partnership all state that the partnership would commence upon the closing of the offering. The partnership agreement provided that the interests of the partners vested upon the closing of the offering.

Charles Royer, president of Developmental Financial Systems, Inc., the general partner of the partnership, opened an escrow account at the Seattle First National Bank on August 10, 1982. Subscribers' capital contributions were deposited into this account. One unit of participation in the partnership required a contribution of capital of $6,000 and a pro rata assumption of the liability of the partnership in the amount of $19,000. The offering was approved by the State of Washington on April 27, 1982. The balance in the escrow account was $24,000 as of September 3, 1982. The account designated as the operating bank account of the partnership was opened at the Seattle First National Bank on December 31, 1982.

The Federal partnership information return (Form 1065) for the partnership's taxable year ended December 31, 1982, filed on March 13, 1983, stated that it was actively operated for 1 month in 1982. The date the business was started was not indicated on the return. However, the partnership filed an amended return on March 31, 1984, on which it stated that the business was actively operated for 12 months in 1982, and was started on January 1 of that

year. There has been no unanimous consent by Project Omega and the partners of Project Omega to be subject to the partnership audit and litigation provisions.

## OPINION

In opposing respondent's motion to sever, petitioners argue that the taxable year of Project Omega commenced prior to September 4, 1982, and therefore, absent unanimous consent to be subject to the partnership audit and litigation procedures (sec. 6221 et seq.), those procedures do not apply. Petitioners also argue that severance of the items at issue herein is inconvenient and uneconomical for the parties and for the Court. Respondent counters that the partnership was formed after September 3, 1982, and therefore, its 1982 taxable year commenced after September 3, 1982, and consequently, application of the partnership audit and litigation procedures to Project Omega is mandatory. The result of applying those procedures is that this Court lacks jurisdiction in this case over that portion of the deficiency arising out of adjustments for "partnership items" within the meaning of section 6231(a)(3). *Maxwell v. Commissioner*, 87 T.C. 783 (1986).

The date on which Project Omega's 1982 taxable year commenced is the date it was formed. Although determining when a partnership is formed is a question of fact, the parties have stipulated sufficient facts to enable us to determine the date of formation without a hearing.

For Federal tax purposes, "partnership" is defined as including "a syndicate, group, pool, joint venture or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title [subtitle], a corporation or a trust or estate." Sec. 761(a). A partnership is formed when the parties to a venture join together capital or services with the intent of conducting presently an enterprise or business.[2] *Commissioner v. Tower*, 327 U.S. 280 (1946).

---

[2]The elements required of a venture to qualify as a partnership, e.g., the sharing of profits, are not at issue in this case. See *Commissioner v. Culbertson*, 337 U.S. 733 (1949). Rather, for purposes of this motion the parties assumed that the venture, once formed, was a partnership. There is nothing in the record to suggest that their assumption is erroneous.

The partnership is deemed to have been formed as of the date on which the first parties to the venture acquired their respective capital interests in the partnership. *Hensel Phelps Construction Co. v. Commissioner*, 74 T.C. 939, 948 (1980), affd. 703 F.2d 485 (10th Cir. 1983). Each party must contribute either capital or services to the partnership to qualify as a partner in the venture. *Commissioner v. Culbertson*, 337 U.S. 733 (1949).

The agreement, the offering memorandum, and the notice of claim of exemption state uniformly that the partnership would be formed on the completion of the offering. The parties agree that the offering was not closed until December of 1982. The agreement states further that the respective interests of the partners would vest only upon the completion of the offering. See *Hensel Phelps Construction Co. v. Commissioner, supra.* In fact, the subscription amounts were held in escrow until December 31, 1982, when the capital contributions of the subscribers were transferred to an operating account. The documents reflect the intent of the parties to form the partnership in December of 1982. For the foregoing reasons, we conclude that for Federal tax purposes the partnership was formed subsequent to September 3, 1982.

Petitioners argue that the partnership was formed de facto prior to September 4, 1982, because the general partner of Project Omega incurred expenses, commenced negotiation of agreements on behalf of the partnership, and obtained some subscriptions prior to September 4, 1982. Further, petitioners argue that the partnership's amended return indicates that its operations commenced on January 1, 1982. We find petitioners' arguments unpersuasive. The solicitation of capital from prospective partners does not create a partnership. The record reflects that prospective partners were entitled to a refund of their contribution if the offering was aborted. Moreover, until the partnership's certificate of limited partnership was filed, the prospective partners were not liable for project omega's liabilities. Similarly, the general partner's commencement of negotiations with third parties on behalf of the partnership to be formed does not create the partnership; rather this activity is evidence only of an intent to form a partnership in the

future. See *Voyles v. Murray*, 297 F. Supp. 1288 (N.D. Tex. 1969).

The Washington State cases relied on by petitioners to argue that a de facto general partnership existed are readily distinguishable—neither the level of activity nor the kind of activity in Project Omega approaches the business conducted in *Molander v. Raugust-Mathwig, Inc.*, 44 Wash. App. 53 (1986), or in *Dwinell's Central Neon v. Cosmopolitan Chinook Hotel*, 21 Wash. App. 929, 587 P.2d 191 (1978); further, in this case there simply was not the agreement to form a partnership prior to the closing of the offering.

The expenses incurred, subscriptions obtained, and negotiations conducted all represent preoperating activities. No capital interest vested in any partner prior to the closing of the offering. We conclude that the factors cited by petitioners do not evidence the formation of a partnership prior to September 3, 1982.

Since the partnership was formed subsequent to September 3, 1982, the partnership audit and litigation provisions of subchapter 63 of chapter C of subtitle F of the Internal Revenue Code of 1954 (the Code), as amended, are applicable. Sec. 402(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. Therefore, treatment of the adjustments to petitioners' Federal income tax for petitioners' taxable year 1982 arising from their interest and participation in the partnership is governed by the partnership audit and litigation provisions of the Code (sec. 6221 et seq.), and by our opinion in *Maxwell v. Commissioner, supra.*[3]

Accordingly,

*An appropriate order will be issued.*

---

[3] See also *Farris v. Commissioner*, T.C. Memo. 1986-567.