YAPP CORPORATION, FORMERLY SPRAY RITE SERVICE CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yapp Corp. v. Commissioner
Docket No. 2064-90
United States Tax Court
T.C. Memo 1993-323; 1993 Tax Ct. Memo LEXIS 326; 66 T.C.M. (CCH) 180; July 21, 1993, Filed *326 Decision will be entered under Rule 155. For petitioner: Cary B. Edgar. For respondent: William T. Derick. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This matter is before the Court on petitioner's Motion for Award of Reasonable Administrative and Litigation Costs (Motion for Costs) filed pursuant to section 7430 and Rule 231. [1] At the outset, we note that the provisions of section 7430 are applicable as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3746, effective as to proceedings commenced after November 10, 1988. To resolve this matter we must first decide whether respondent's position was substantially justified. [2] If we rule in petitioner's favor on this point, we must then decide whether the costs claimed by petitioner are reasonable in amount. For reasons discussed below, we hold *327 that respondent's position was not substantially justified and petitioner is entitled to an award of reasonable administrative and litigation costs. Neither party requested a hearing on the Motion for Costs. Accordingly, we proceed to decide the Motion for Costs based on the written submissions of the parties without a hearing. Rule 232(a)(3). The findings of fact made in Yapp v. Commissioner, T.C. Memo. 1992-348, are incorporated herein by this reference. They will not be repeated here except as is necessary to dispose of the Motion for Costs. Petitioner is a corporation that used a hybrid method of accounting to compute its taxable income on a calendar year basis for *328 the taxable years 1984 through 1987. The accrual method of accounting was used for income and deductions pertaining to State income and replacement taxes; the cash method of accounting was used for other items. In 1985, petitioner filed a 1984 Corporation and Replacement Income Tax Return (State return) with the Illinois Department of Revenue (Illinois Department) reflecting a State tax liability of $ 561,006. [3] Petitioner also filed a 1984 U.S. Corporation Income Tax Return in 1985 in which the accrued State tax liability was claimed as a deduction. Petitioner sustained a loss for each of the next 3 years, 1985 through 1987. For each loss year, petitioner filed an amended 1984 State return carrying the loss back and recovering some *329 of the State tax paid in 1984 in accordance with State law. Petitioner, using the accrual method of accounting, included the Illinois corporation income and replacement tax refunds (refunds) at issue in gross income in the year in which the Illinois Department determined that petitioner had a right to each of the refunds. Respondent instead argued that, under the accrual method of accounting, petitioner should have included the refunds in gross income for the year in which the loss took place, not the year the Illinois Department ultimately determined that petitioner was entitled to the refunds. [4] *330 Respondent contended that the examination conducted by the Illinois Department was essentially ministerial and that all the remaining events that fixed petitioner's right to the refunds occurred during the taxable year of loss. [5]Continental Tie & Lumber Co. v. United States, 286 U.S. 290, 295 (1932). In our opinion in Yapp Corp. v. Commissioner, T.C. Memo. 1992-348, we held in petitioner's favor, finding: The record before us does not support a finding that the examinations performed by the Department were ministerial. To the contrary, it appears the Department actively exercised its right to examine petitioner's refund claims. Petitioner's claim filed on July 23, 1987, *331 with respect to its NOL carryback from the taxable year ended December 31, 1986, was rejected by the Department for failure to comply with rules under the Illinois Income Tax Act. Petitioner's refund claim was granted only upon later resubmission to the Department. Furthermore, the amounts claimed by petitioner on all three refund claims differed from the amounts that were ultimately refunded by the Department. These facts demonstrate that the Department, insofar as the case before us [is concerned], not only had the right to examine each refund claim, but also exercised that right.
Id.
In so holding, we followed the controlling opinion in Doyle, Dane, Bernbach, Inc. v. Commissioner, 79 T.C. 101 (1982), [6] in which this Court held that an accrual basis taxpayer need not include in gross income refunds of State and local taxes "until the year the right to those refunds is ultimately determined." Id. at 107. Respondent had urged this Court in Yapp v. Commissioner, T.C. Memo. 1992-348, to reverse its decision in Doyle, Dane, Bernbach, Inc., but we declined to do so. *332 Section 7430(a) allows this Court to award reasonable administrative and litigation costs to the prevailing party in civil tax litigation. To obtain an award for administrative and litigation costs, petitioner (1) must have exhausted all administrative remedies available to it, (2) must not have unreasonably protracted the proceedings, (3) must satisfy the statutory definition of prevailing party, and (4) must show that costs claimed are reasonable. Sec. 7430 (b) and (c). Petitioner must establish all of the above elements in order to recover reasonable administrative or litigation costs. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). After concessions by respondent, the only remaining issues for our consideration are whether the position of the United States was substantially justified, and whether the costs claimed by petitioner are reasonable. In determining if respondent's position was substantially justified, our essential inquiry is whether respondent's position in the administrative and judicial proceedings was reasonable. [7] The determination of reasonableness must be based upon all the facts and circumstances surrounding the proceeding. *333 Sher v. Commissioner, 861 F.2d 131 (5th Cir. 1988), affg. 89 T.C. 79 (1987). To carry its burden, petitioner must show that legal precedent does not substantially support respondent's position given the facts available to respondent. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990). Respondent's position throughout these proceedings has *334 been that State income tax refunds attributable to net operating loss (NOL) carrybacks should be included in the income of an accrual method taxpayer for the taxable year of the NOL, and not in the year in which the State or local taxing authority ultimately determines the taxpayer's right to such refunds. Respondent's position is directly contrary to controlling precedent of this Court as set forth in Doyle, Dane, Bernbach, Inc. v. Commissioner, 79 T.C. 101 (1982). [8]
Respondent argues, however, that a single non-Court reviewed published opinion such *335 as Doyle, Dane, Bernbach, Inc., is insufficient to establish a precedent strong enough to preclude reasonable challenge. We disagree. In Stieha v. Commissioner, 89 T.C. 784 (1987), this Court addressed the issue of whether respondent was substantially justified in failing to promptly concede an issue which had been decided by this Court in the taxpayers' favor. On the date when respondent issued the notice of deficiency to the taxpayers in Stieha, no cases had been decided by this Court concerning the pertinent issue in that case. Several months later, this Court filed its opinion in Sparks v. Commissioner, 87 T.C. 1279 (1986), which decided the issue in favor of the taxpayers in Stieha. Sparks was not Court reviewed. This Court found that respondent's failure to promptly concede the Stieha case, in light of the recent opinion of the Court in Sparks, was not substantially justified. The case before us presents a more emphatic situation for finding respondent's position to be without substantial justification. This Court had already decided the same issue at bar in its 1982 decision in Doyle, Dane, Bernbach, Inc. v. Commissioner, 79 T.C. 101 (1982), *336 which respondent chose not to appeal. Because the holding in Doyle, Dane, Bernbach, Inc., disposes of respondent's legal theory, respondent was not reasonable in maintaining her position throughout these proceedings. Moreover, the fully stipulated facts of this case indicate that the Illinois Department did not routinely or automatically grant the refunds at issue. These factual circumstances support our previous finding that the final event which fixed the right to the refunds with reasonable accuracy was the Illinois Department's approval of the refunds, not the occurrence of the losses in question. Sec. 1.451-1(a), Income Tax Regs.
In summary, our evaluation of the circumstances of this case leads us to the conclusion that respondent's position was not substantially justified. By refusing to allow petitioner to report its income in accordance with Doyle, Dane, Bernbach, Inc., petitioner in effect was forced to petition this Court and relitigate, at considerable expense, a position which had already been decided in the taxpayer's favor. We realize that respondent "may seek the reversal of precedent, or seek to carve out an exception to a well-established rule, *337 but if he is unsuccessful, the prevailing party may be awarded litigation costs." Hubbard v. Commissioner, 89 T.C. 792, 805 (1987), [9] (citing Don Casey Co. v. Commissioner, 87 T.C. 847, 862 (1986)). In support of the Motion for Costs, petitioner filed the affidavit of Cary B. Edgar, counsel for petitioner, setting forth in detail, as required by Rule 231(d), the nature and amount of each item of costs paid or incurred for which an award is claimed. We believe the following costs claimed by petitioner are reasonable. Thus, we award petitioner $ 8,740.50 in administrative and litigation costs, as follows: Attorney Fees [10]
[11]$ 8,280.50
Computer Research Costs
250.00
Photocopying Costs
150.00
Petitioner's Filing Fee
60.00
Total
$ 8,740.50
*338 An appropriate order will be issued and decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Respondent, in Respondent's Notice of Objection to Petitioner's Motion for Award of Reasonable Administrative and Litigation Costs, conceded the remaining elements under sec. 7430(b) and (c)↩ that petitioner, as the moving party, must establish in order to recover administrative and litigation costs. Rule 232(e).
3. The computation of petitioner's 1984 Illinois corporation and replacement income tax was based on Federal taxable income as reported on petitioner's U.S. Corporation Income Tax Return, Form 1120. Petitioner reported $ 7,852,161 as taxable income for 1984 on Form 1120, line 30.↩
4. The Illinois Income Tax Act did not specifically provide for a taxpayer to carry back an NOL to recover previously paid taxes. However, sec. 506 of the Illinois Income Tax Act did require a taxpayer to file an amended return if the tax liability reported on the taxpayer's Federal income tax return was altered. See Ill. Ann. Stat. ch. 120, par. 5-506(b) (Smith-Hurd 1983). Thus, if an NOL was carried back to reduce Federal taxable income under sec. 172, the taxpayer was required to file an amended State return to reflect the reduction of income.↩
5. Sec. 909(e) of the Illinois Income Tax Act provides as follows: As soon as practicable after a claim for refund is filed, the Department shall examine it and either issue a notice of refund, abatement or credit to the claimant or issue a notice of denial. If the Department has failed to approve or deny the claim before the expiration of 6 months from the date the claim was filed, the claimant may nevertheless thereafter file with the Department a written protest in such form as the Department may by regulation prescribe. If a protest is filed, the Department shall consider the claim and, if the taxpayer has so requested, shall grant the taxpayer or the taxpayer's authorized representative a hearing within 6 months after the date such request is filed.↩
See Ill. Ann. Stat. ch. 120, par. 9-909(e) (Smith-Hurd 1983).
6. The Commissioner indicated her nonacquiescence with this decision. See 1988-2 C.B. 1↩.
7. For civil tax cases commenced after Dec. 31, 1985, sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language regarding the position of the United States from "unreasonable" to not "substantially justified". This Court has held that the substantially justified standard is not a departure from the reasonableness standard. Sokol v. Commissioner, 92 T.C. 760, 763-764 n.7 (1989). Accordingly, we may look at the cases construing sec. 7430↩ prior to its amendment by the Tax Reform Act of 1986.
8. Respondent's position is also contrary to Masonite Corp. v. Fly, 7 AFTR2d 1146↩, 61-1 USTC par. 9355 (S.D.Miss. 1961), in which the court held that an accrual method taxpayer did not have to include in Federal taxable income a refund of Mississippi income taxes until the Mississippi Attorney General, who had the ultimate discretion to approve a refund claim, actually approved such claim.
9. In a separate later proceeding, this Court's opinion in Hubbard v. Commissioner, T.C. Memo. 1987-575 was reversed and remanded by the United States Court of Appeals for the Sixth Circuit in Hubbard v. Commissioner, 872 F.2d 183↩ (6th Cir. 1989).
10. The parties agreed to a reduction of 6 hours of attorney fees for 1991.↩
11. This figure represents a total of 76.75 billable hours at the $ 75.00 per hour statutory rate, increased by the cost of living increases (as reflected in the Consumer Price Index) from Oct. 1, 1981. Bayer v. Commissioner, 98 T.C. 19↩ (1992).