66 F.3d 334
 76 A.F.T.R.2d 95-6528, 95-2 USTC P 50,509
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Avery F. BLAKE, Jr., Judith Blake, Corwin E. Bjonerud &
Nancy M. Bjonerud, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70103.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1995.
Decided Sept. 11, 1995.
 
 1
 Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Avery and Judith Blake, partners in Genetic Research Partners, Ltd. ("GRPL"), appeal the Tax Court's denial of their motion for attorneys' fees and costs, on the ground that the position taken by the Commissioner of Internal Revenue ("Commissioner") was not substantially justified.[1] We have jurisdiction under 26 U.S.C. Secs. 7430 and 7482, and we affirm.
 
 BACKGROUND
 
 4
 The Tax Equity Fiscal Responsibility Act of 1982 ("TEFRA") prescribes special partnership audit and litigation procedures. These procedures, which include a three-year statute of limitations on partnership assessment actions, apply only to partnerships formed after September 3, 1982. Tax Treatment of Partnership Items Act of 1982, P.L. No. 97-248 Sec. 407(a)(1) and (3), 96 Stat. 324, 648; I.R.C. Sec. 6221 et seq. The issue in this case is whether the Commissioner was substantially justified in believing that GRPL was formed before September 3, 1982.
 
 
 5
 In November 1984, the IRS began an audit of the partnership's 1982 return, focusing on a $470,000 deduction for research and development expenses and a $2,000 deduction for amortization of the general partner's fee. After months of unsuccessful attempts to contact the partners listed on the 1982 return, IRS Revenue Agent Kathleen Jue located Harold Coffin, the general partner, in early 1985. Coffin provided some information, and referred Jue to David Sutton, who he said was the only officer who would remember what happened during the early years of GRPL. Jue's notes from November 1985 show that Sutton told her that GRPL had been formed at about the same time as Transworld Genetics, Inc. ("TWG"), which organized and promoted GRPL, and which was formed in February 1982.[2]
 
 
 6
 Jue closed the audit in late 1985 and allowed the 12-month amortization but not the R & D deduction. On September 2, 1987, the Commissioner issued a statement of income tax examination changes, which the Blakes appealed to the IRS. Finding some indications that GRPL may have been formed after September 3, 1982, the IRS appeals officer asked Jue to reconsider in light of Sparks v. Commissioner, 87 T.C. 1279 (1986) (listing several factual bases for determining date of formation of partnership).
 
 
 7
 Jue reviewed the record, apparently without considering Sparks, and in February 1988 recommended against treating GRPL as a TEFRA partnership. The appeals officer subsequently determined that the record did not support the conclusion that GRPL was a TEFRA partnership. He met with Coffin on November 22, 1988, but they did not discuss the partnership's TEFRA status. Coffin and petitioner's counsel failed to respond to subsequent letters from the appeals officer warning that a notice of deficiency would be issued unless they provided additional information.
 
 
 8
 On March 9, 1989, the Commissioner issued a notice of deficiency to the petitioners. On June 8, 1989, the Blakes filed a petition in the Tax Court for redetermination of the deficiencies. The petition did not allege that GRPL was a TEFRA partnership. The Blakes first asserted their TEFRA status on February 27, 1990, when they sent the IRS a letter and three supplemental documents.
 
 
 9
 After considering this information, the Commissioner conceded that the Blakes' calculation of the deficiencies was correct, and the Tax Court entered a stipulated decision on May 31, 1990. The petitioners then filed a motion for reasonable litigation costs and attorneys' fees. The Tax Court dismissed the motion, finding that the evidence was sufficient to justify the Commissioner's original determination that GRPL had commenced before September 3, 1982. The petitioners appeal.
 
 DISCUSSION
 
 10
 The Tax Court's decision that the government's position was substantially justified is reviewed for abuse of discretion. Estate of Merchant v. Commissioner, 947 F.2d 1390, 1393 (9th Cir.1991). A reversal requires a definite and firm conviction that a clear error of judgment was committed. TKB Int'l, Inc. v. United States, 995 F.2d 1460, 1468 (9th Cir.1993).
 
 
 11
 To be eligible for an award of administrative and litigation costs under I.R.C. Sec. 7430, the taxpayer must first establish that he or she is the "prevailing party." To qualify as a "prevailing party," the taxpayer must show that: (1) the position of the United States was not substantially justified in the administrative and judicial proceedings; (2) the taxpayer has substantially prevailed; and (3) the taxpayer meets certain net worth requirements. I.R.C. Sec. 7430(c)(4)(A)(i)-(ii).
 
 
 12
 Only the first of these requirements is in dispute.[3] The taxpayer bears the burden of proving that the IRS position was not substantially justified. Stieha v. Commissioner, 89 T.C. 784, 790 (1987). "Substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person ... [and] more than merely undeserving of sanctions for frivolousness...." Pierce v. Underwood, 487 U.S. 552, 565-66 (1988) (internal quotations and citations omitted). A position may be incorrect but substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n. 2. A determination of reasonableness must be based upon all the facts and circumstances surrounding the proceeding in question, not upon a single document. Merchant, 947 F.2d at 1394. The Commissioner's concession in underlying litigation is not sufficient to establish that the IRS position lacked substantial justification. Sher v. Commissioner, 861 F.2d 131, 135 (5th Cir.1988); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).
 
 
 13
 To satisfy their burden of proof under the "substantially justified" standard, the Blakes must demonstrate that (1) the Commissioner's position was not supported by substantial evidence and (2) the Commissioner possessed sufficient evidence to establish that GRPL was formed after September 4, 1982. Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce, 487 U.S. at 565 (1988) (internal quotations and citation omitted).
 
 
 14
 Documents in the IRS's files at the time it issued the notice of deficiency contained conflicting information as to when GRPL was formed. Three documents suggested that GRPL was formed before September 3, 1982: (1) the GRPL partnership return, which recorded a 12-month amortization for tax year 1982; (2) Jue's notes recording Sutton's statement that GRPL was formed at about the same time as TWG, in February 1982; and (3) a GRPL private offering memorandum, which showed that one-fifth of the general partner's fee would be deducted in 1982 as part of a five-year pro rata amortization (thus suggesting a January 1982 formation date).
 
 
 15
 However, other documents in the file indicate that GRPL was formed after September 3, 1982. These documents show that (1) the partnership bank account was established in December 1982; (2) the licensing agreement was entered into on December 31, 1982; (3) the research and development agreement forming the basis of the business was signed on December 31, 1982; and (4) payments from the partnership to its licensee, TWG, began in December 1982. In addition, the 1982 tax return for GRPL lists the date for starting business as December 31, 1982, and correspondence from the partnership's attorney dated December 1, 1982, refers to the establishment of the partnership in the future tense.
 
 
 16
 Petitioners contend that the amortization offers no direct evidence of partnership activity. However, because amortization of organizational expenses begins in the month in which a partnership begins doing business, I.R.C. Sec. 709(b)(1), GRPL's claim of 12-month amortization in 1982 is equivalent to a representation that GRPL began business in January 1982. Petitioners also argue that it was unreasonable for Jue to rely upon Sutton's statement because Sutton was not employed by either GRPL or TWG in 1982. However, Jue was entitled to rely upon Sutton's statement because Coffin referred Jue to Sutton. In addition, petitioners did not contest Sutton's statement until nine months after they had petitioned for redetermination of deficiencies, when they first asserted GRPL's TEFRA status.
 
 
 17
 Petitioners contend that the offering memorandum cannot serve as proof of the formation of the partnership because, like the offering memorandum in Sparks, it employs the future tense in reference to the partnership. However, the memorandum in Sparks is distinguishable because it explicitly stated the parties' intention that the partnership would commence upon closing of the offering. 87 T.C. at 1283. The GRPL offering memorandum does not explicitly refer to any date of partnership formation.
 
 
 18
 The IRS had good reasons for disregarding the December dates appearing on several partnership documents in its files. The agency believed that GRPL was a tax shelter because there was no evidence that GRPL engaged in business or trade. Since paper tax shelter entities commonly execute documents at year-end for tax purposes, the IRS did not consider the December dates determinative of the actual start-up date. In addition, GRPL did not represent itself as a TEFRA partnership either to the IRS or to its own partners. It described itself as a limited partnership in its offering memorandum and did not mention TEFRA in the analysis of tax consequences that it prepared and distributed to its investors.
 
 
 19
 When the petitioners finally asserted TEFRA status as a jurisdictional defense, they submitted three additional documents to substantiate their TEFRA status: (1) their limited partnership subscription agreement signed on December 12, 1982; (2) their suitability questionnaire signed on December 30, 1982; and (3) a Certificate of Limited Partnership signed on January 17, 1983. The petitioners now argue that because the documents were not critical to the determination of partnership formation date, the IRS should have concluded based on the earlier evidence alone that GRPL was formed after September 3, 1982.[4] However, the documents would have influenced the IRS's determination; they are the types of documents that individuals prepare when they intend to form a partnership in the future. See Sparks v. Commissioner, 87 T.C. at 1283-84.
 
 CONCLUSION
 
 20
 The Tax Court did not abuse its discretion in finding that the Commissioner's position was substantially justified. The evidence provided a reasonable basis for her determination that GRPL was formed before September 3, 1982.[5]
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appeal of petitioners Corwin and Nancy Bjonerud was dismissed as untimely
 
 
 [2]
 Sutton stated before the Tax Court that he does not recall making the statement about the date of GRPL's formation to Jue. However, the Tax Court found Jue's contemporaneous notes more reliable than Sutton's recollection seven years later
 
 
 [3]
 The Commissioner concedes that the Blakes prevailed. Because GRPL is a TEFRA partnership, the limitation period expired on April 18, 1986, 3 years from the date that the Partnership tax return was filed and before the IRS filed its assessment action
 
 
 [4]
 Petitioners also contend that IRS had constructive notice of the Certificate of Limited Partnership since it is a public record. However, the cases they cite are not persuasive since they do not address whether the IRS, absent some assertion by the taxpayer, has the burden to search out all public records
 
 
 [5]
 Petitioners also assert that they are entitled to reimbursement for unnecessary costs incurred because of the Commissioner's failure to consider Sparks. Stieha held that taxpayers were entitled to an award for unnecessarily incurred costs that result from the IRS's failure to review Sparks. 89 T.C. at 791. However, the Commissioner did fully review Sparks prior to issuing her notice of deficiency to the Blakes. The IRS concedes that Jue may not have properly considered Sparks during her investigation. However, under section 7430(c)(7)(B), the position of the Commissioner is not the opinion of one individual IRS employee at any particular time but the position officially asserted by the IRS Office of Appeals in its notice of decision to the taxpayer. The appeals officer did review Sparks before issuing the notice of deficiency