CHARLES A. GREENE AND CHRISTINE J. GREENE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greene v. Commissioner
Docket No. 5296-94
United States Tax Court
T.C. Memo 1995-105; 1995 Tax Ct. Memo LEXIS 102; 69 T.C.M. (CCH) 2070; March 13, 1995, Filed *102 An order granting respondent's Motion to Dismiss for Lack of Jurisdiction and to strike and denying petitioners' Motion to Restrain Collection will be extened. For petitioners: Michael J. Wenig. For respondent: Pamela L. Cohen and William A. Heard III. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This matter is before the Court on: (1) Petitioners' Motion to Restrain Collection, and (2) respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike the Claims Relating to the Deficiency Attributable to Partnership Items and Increased Interest Pursuant to I.R.C. § 6621(c). [1] The issues raised by the parties' motions involve the scope of this Court's jurisdiction in a so-called affected items proceeding. Background
Charles A. Greene (petitioner) was a limited partner in a partnership known as Mid Continent Drilling Associates II (Mid *103 Continent or the partnership) during 1983 and 1984. The deficiencies in this case relate to petitioner's investment in Mid Continent. Mid Continent had more than 100 partners during 1983 and 1984. The Schedule K-1 that was filed with the partnership's Form 1065 (U.S. Partnership Return of Income) for each of the taxable years 1983 and 1984 indicates that petitioner held a .51 percent interest in the partnership during each of those years. Petitioners claimed an ordinary loss of $ 46,007 on their Federal income tax return for 1983. This loss reflected petitioner's share of the ordinary loss that Mid Continent reported on the Schedule K-1 that it filed with its 1983 partnership return. On August 11, 1986, respondent mailed petitioner a notice of the beginning of an examination of Mid Continent's 1983 partnership return. On or about December 29, 1986, petitioners filed an amended income tax return for 1983 (the amended return), along with a Notice of Inconsistent Treatment or Amended Return on Form 8082. Petitioners amended their 1983 return by reducing the $ 46,007 ordinary loss in respect of Mid Continent by $ 36,007 and by eliminating an investment tax credit in the amount *104 of $ 190. [2]
Petitioners remitted a total of $ 24,393 with the amended return, designating $ 18,194 as tax and $ 6,199 as interest. Petitioners' reporting position, as set forth in the amended return, was based on petitioners' understanding of settlements purportedly entered into by respondent with Mid Continent partners for the taxable years 1981 and 1982. The record in this case includes the transcript of account that respondent maintained for petitioners' 1983 taxable year. The transcript of account indicates that the payment of tax and interest that was remitted by petitioners with their amended return was posted to petitioners' account on December 29, 1986. Later, on March 9, 1987, respondent assessed $ 18,194 as an advance payment of an examination deficiency and $ 6,181.36 as a designated *105 payment of interest. [3]
In June 1991, respondent proposed a settlement for the taxable years 1983 and 1984 regarding petitioner's investment in Mid Continent. Petitioners rejected the proposed settlement based on the view that their tax liability was properly reported on the amended return. On October 21, 1991, respondent mailed separate notices of final partnership administrative adjustment (FPAA's) to Mid Continent's tax matters partner (TMP) for the taxable years 1983 and 1984. Respondent did not mail a copy of either of the FPAA's to petitioners. A timely petition for readjustment, which was assigned docket No. 5757-92, was filed by a partner other than the TMP. On February 11, 1993, a decision *106 was entered by this Court in the partnership proceeding. The decision served to sustain respondent's disallowance of the losses claimed by Mid Continent on its partnership returns for 1983 and 1984. No appeal was taken, and this Court's decision became final on May 12, 1993. Secs. 7481(a), 7483. [4]
On December 27, 1993, respondent made an assessment against petitioners, relating to the taxable year 1983, for additional income tax in the amount of $ 5,000 and for unpaid interest in the amount of $ 13,633.01 computed at the increased rate established under section 6621(c). The tax assessed in the amount of $ 5,000 was based on the disallowance of the remaining $ 10,000 partnership loss that petitioners had not eliminated on the amended return. The assessment reflected a total tax liability for 1983, in respect of partnership items relating to Mid Continent, of $ 23,194 less the $ 18,194 that petitioners had previously *107 designated as tax and remitted with their amended return. [5]
On December 29, 1993, and February 4, 1994, respondent mailed notices of deficiency to petitioners in which she determined additions to tax for negligence under section 6653(a)(1) and (2) for the taxable years 1983 and 1984, respectively. The additions to tax are affected items in that they are based on tax owing by petitioners as a result of adjustments to partnership items appearing on Mid Continent's partnership returns for 1983 and 1984. On March 30, 1994, petitioners filed a petition for redetermination with respect to the affected items deficiency notices for 1983 and 1984. The petition includes allegations that petitioners are not liable for *108 either the additions to tax determined by respondent or interest computed at the increased rate established under section 6621(c). The petition also includes allegations that (1) petitioners are entitled to a deduction for the amount of petitioner's investment in the partnership and that (2) petitioners were denied due process because they were not properly notified of the completion of the partnership administrative proceeding. On April 28, 1994, petitioners filed an amended petition. The amended petition includes an allegation that, by virtue of the filing of the amended return, the period of limitations on assessment for the taxable year 1983 expired before the issuance of the notices of deficiency in this case. On May 30, 1994, respondent mailed petitioners a notice of tax due for the taxable year 1983. The notice seeks payment of $ 18,263.36, as well as a late payment penalty of $ 110.89. Respondent has explained that the $ 18,263.36 amount consists of: (1) The $ 5,000 in tax assessed on December 27, 1993, and (2) interest in the amount of $ 13,263.36. On July 8, 1994, petitioners filed a Motion to Restrain Collection. The motion asserts that respondent is improperly *109 attempting to collect the amounts that are in dispute in this case. As might be expected, respondent opposes petitioners' motion. On August 8, 1994, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike. Respondent contends that the Court's jurisdiction in this proceeding is limited to redetermining the additions to tax for 1983 and 1984 as determined in the affected items deficiency notices. In conjunction with the foregoing, respondent contends that she is entitled to collect the tax and interest assessed on December 27, 1993, on the grounds that: (1) The tax was properly assessed as a computational adjustment following the entry of decision in the partnership level proceeding on February 11, 1993, and that (2) the interest is not subject to the deficiency procedures under the circumstances presented herein by virtue of White v. Commissioner, 95 T.C. 209 (1990). Petitioners oppose respondent's motion and contend that this Court has jurisdiction over the various items that they dispute. As previously stated, the amount of interest initially assessed on December 27, 1993, i.e., $ 13,633.01, exceeded the amount set forth in *110 the notice of tax due dated May 30, 1994, i.e., $ 13,263.36. In an effort to reconcile the difference, respondent has stated that the assessment on December 27, 1993, in the amount of $ 13,633.01 was overstated. According to respondent, the assessment failed to account for three items in petitioners' favor: (1) A computer generated abatement of interest in the amount of $ 546.67; (2) a credit in the amount of $ 17.64 reflecting the balance then existing in petitioners' account; [6] and (3) a computer generated reversal of interest in the amount of $ 194.66. [7]
*111 Discussion
Petitioner's Motion to Restrain Collection and respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike raise overlapping issues. The proper disposition of these motions depends largely on the scope of this Court's jurisdiction in this affected items proceeding. The tax treatment of any partnership item generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6231. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to a partnership's taxable years beginning after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986). Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. An affected item is defined in section 6231(a)(5) as any item to the extent such item is affected by a partnership item. *112 White v. Commissioner, supra at 211. The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of a partnership item. Sec. 6231(a)(6); White v. Commissioner, supra. Once partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a notice of deficiency. Sec. 6230(a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987); Maxwell v. Commissioner, supra at 792 n.9. The second type of affected item is one that is dependent upon factual determinations to be made at the individual partner level. N.C.F. Energy Partners v. Commissioner, supra at 744. Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items which require partner level determinations. Additions to tax for negligence are affected items requiring factual determinations at the individual partner level. N.C.F. Energy Partners v. Commissioner, supra at 745. *113 In her Motion to Dismiss for Lack of Jurisdiction and to Strike, respondent targets the allegations set forth in the petition that pertain to petitioners' liability for both tax and interest imposed at the increased rate established under section 6621(c). Respondent contends that the $ 5,000 in tax assessed against petitioners derives from a computational adjustment made to record the change in petitioners' tax liability resulting from the proper treatment of the partnership items relating to Mid Continent. It is well settled that we lack jurisdiction to consider partnership items, as well as related computational adjustments, in an affected items proceeding. Saso v. Commissioner, 93 T.C. 730, 734 (1989). We agree with respondent that the $ 5,000 in tax that petitioners seek to place in dispute for 1983 is properly characterized as a "computational adjustment" within the meaning of section 6231(a)(6); i.e., a change in petitioners' tax liability reflecting the proper treatment of partnership items relating to Mid Continent. The record in this case reveals that petitioners, despite their arguments to the contrary, did not eliminate from their tax *114 return all partnership items relating to Mid Continent at the time that they filed the amended return for 1983. Specifically, although petitioners eliminated $ 36,007 of the $ 46,007 ordinary loss, as well as an investment tax credit in the amount of $ 190, claimed on their original return for 1983, the balance of the claimed loss, i.e. $ 10,000, remained on the return. Notably, at the close of the partnership level proceedings in docket No. 5757-92, we entered a decision disallowing all losses claimed by Mid Continent for 1983. Consistent with that decision, respondent adjusted petitioners' tax liability for 1983 by disallowing the remaining $ 10,000 loss from petitioners' return and making an assessment against petitioners for tax in the amount of $ 5,000. We agree with respondent that this adjustment is not subject to the normal deficiency procedures and is not properly before us in this affected items proceeding. See Saso v. Commissioner, supra.
Respondent also contends that we lack jurisdiction over the interest assessed against petitioners based on the increased rate established under section 6621(c). In this regard, respondent relies *115 on White v. Commissioner, 95 T.C. 209 (1990). In contrast, petitioners contend that they paid a portion of the disputed interest so as to invoke this Court's overpayment jurisdiction consistent with Barton v. Commissioner, 97 T.C. 548 (1991). We agree with respondent. Interest at the increased rate established under section 6621(c) is imposed on a substantial underpayment of tax that is attributable to a tax-motivated transaction. [8] Because the application of section 6621(c) turns on matters that are specific to an individual partner, it follows that such interest constitutes an affected item that cannot be reviewed in a partnership level proceeding. N.C.F. Energy Partners v. Commissioner, supra at 745. *116 Ironically, however, a specific partner's liability for section 6621(c) interest normally cannot be raised in an affected items proceeding. This rule, first articulated in White v. Commissioner, supra, follows from a combined reading of sections 6211(a), 6230(a), and 6601(e)(1), which together provide that interest computed under the increased rate established under section 6621(c) is not a "deficiency" within the meaning of section 6211. Because our authority over affected items proceedings derives from our jurisdiction to redetermine a deficiency under subchapter B of chapter 63, see section 6230(a)(2), we generally have no authority to consider section 6621(c) interest in such proceedings. See Odend'hal v. Commissioner, 95 T.C. 617 (1990). The case relied on by petitioner, Barton v. Commissioner, supra, sets forth a narrow exception to the rule set forth in White v. Commissioner, supra. In Barton, the taxpayers were assessed (and they allegedly paid) tax and interest computed at the increased rate established under section 6621(c) attributable *117 to adjustments to partnership items that were negotiated in a partnership level settlement. The Commissioner then issued the taxpayers an affected items deficiency notice for additions to tax based on those partnership adjustments. In their petition, the taxpayers contested the Commissioner's determination regarding the additions to tax, and further alleged that they had made an overpayment of tax to the extent they had paid the interest computed at the increased rate established under section 6621(c). In Barton, although we initially granted the Commissioner's motion to dismiss and to strike the allegations in the petition concerning the taxpayer's liability for increased interest under section 6621(c), we later granted the taxpayers' motion for reconsideration of the matter. In particular, we concluded that, in the exercise of our jurisdiction to determine whether an overpayment of tax exists and the amount of any such overpayment, we may determine a taxpayer's liability for increased interest under section 6621(c). In so holding, we emphasized that although section 6601(e)(1) provides that interest is not to be treated as a deficiency as defined in section 6211, thus barring *118 review under our deficiency jurisdiction, section 6601(e)(1) nevertheless provides that interest is otherwise generally to be treated as tax. Accordingly, a taxpayer's liability for section 6621(c) interest may fall within our jurisdiction to determine an overpayment of tax under 6512(b). Petitioners' reliance on Barton v. Commissioner is founded on the premise that petitioners paid a portion of the section 6621(c) interest assessed in this case. Specifically, petitioners point to the $ 6,199 amount that they designated as interest and remitted to respondent, along with the amended return for 1983, as evidence that they paid a portion of the section 6621(c) interest in question. [9]
*119 The record in this case demonstrates that a credit, in the amount of $ 17.64, did exist in petitioners' account immediately before the December 27, 1993, assessment. Further, this $ 17.64 credit was applied to reduce the amount of the interest that respondent assessed against petitioners after the completion of the Mid Continent partnership level proceedings. [10] Notwithstanding the foregoing, we are not persuaded that petitioners paid any of the section 6621(c) interest in question for the purpose of invoking our jurisdiction to determine an overpayment in this matter. *120 As previously discussed, the $ 17.64 credit in petitioners' account was attributable to petitioners' attempt to pay the ordinary interest accruing under section 6601(a) on the understatement of tax resulting from adjustments to Mid Continent partnership items as reported by petitioners on their 1983 return. Significantly, petitioners remain liable for an additional $ 5,000 in unpaid tax relating to those same partnership item adjustments. Further, it is evident that the ordinary interest that has accrued under section 6601(a) from the due date of petitioners' 1983 return through the present with respect to the $ 5,000 in unpaid tax far exceeds the $ 17.64 credit. Stated otherwise, unlike Barton v. Commissioner, 97 T.C. 548 (1991), there simply is no set of circumstances, even if petitioners are not liable for increased interest computed under section 6621(c), under which petitioners can be viewed as having overpaid interest. To briefly summarize, it is evident that we lack jurisdiction to consider the $ 5,000 in tax that petitioners seek to place in dispute. Saso v. Commissioner, 93 T.C. 730, 734 (1989). Further, *121 the record demonstrates that there is no possible overpayment that would necessitate our examination of the merits of petitioners' liability for interest imposed under section 6621(c). Accordingly, we shall grant respondent's motion to dismiss and to strike. We have considered petitioners' remaining arguments and find them unpersuasive. Nevertheless, we shall address them briefly. First, petitioners contend that respondent's motion to dismiss and to strike should be denied on the ground that respondent failed to properly notify them of the completion of the Mid Continent partnership level proceedings. In this regard, petitioners point to respondent's failure to send them a copy of the FPAA. Section 6223(a) generally obligates respondent to mail to each partner, whose name and address have been furnished to respondent, notice of the beginning of an administrative proceeding at the partnership level with respect to a partnership item, as well as notice of the final partnership administrative adjustment resulting from any such proceeding. Crowell v. Commissioner, 102 T.C. 683, 690 (1994). However, section 6223(b), which sets forth special rules *122 for partnerships with more than 100 partners, provides that the notice requirements of section 6223(a) shall not apply to a partner if the partnership has more than 100 partners and the partner has less than a 1 percent profits interest in the partnership.[11] The record in this case reveals that during 1983 and 1984, Mid Continent had more than 100 partners and that petitioner had less than a 1 percent profits interest in the partnership. Accordingly, respondent was not obliged to provide petitioners with notice of the final partnership administrative adjustment resulting from the administrative proceeding at the partnership level. [12]
*123 Second, petitioners' contention regarding the statute of limitations does not provide any basis for denying respondent's motion. In the first instance, the question of whether respondent issued the affected items deficiency notices to petitioners in a timely manner is not properly before us on respondent's jurisdictional motion. Allegations concerning the statute of limitations constitute an affirmative defense, not a plea to the jurisdiction of this Court. Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 237-238 (1990); Saso v. Commissioner, 93 T.C. 730, 734-735 (1989); see Columbia Building, Ltd. v. Commissioner, 98 T.C. 607, 611 (1992). In any event, we note that the affected items deficiency notices were mailed to petitioners within 1 year of the date of entry of decision in the Mid Continent partnership level proceedings. See sec. 6229(d). Further, given that we lack jurisdiction over the tax that petitioners seek to place in dispute, it follows that we have no authority to consider whether respondent made her assessment in a timely fashion. In short, the timeliness of *124 such assessment is not an issue that is properly before us in this case. [13]Genesis Oil and Gas, Ltd. v. Commissioner, 93 T.C. 562, 564 (1989); see Crowell v. Commissioner, supra at 693. Finally, we turn to petitioners' Motion to Restrain Collection. Section 6213(a) provides that this Court may enjoin respondent's collection efforts if respondent attempts prematurely to collect a deficiency that is properly placed in dispute in a timely filed petition for redetermination. Powerstein v. Commissioner, 99 T.C. 466, 471-472 (1992); Powell v. Commissioner, 96 T.C. 707, 711 (1991). Because we lack jurisdiction over the tax that respondent assessed after the completion of the *125 Mid Continent partnership level proceeding, it is evident that petitioners' Motion to Restrain Collection, which is directed at that assessment, must be denied. Respondent is simply not attempting to collect the additions to tax that are properly before us in the present proceeding. See Powell v. Commissioner, supra.
In order to reflect the foregoing, An order granting respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike and denying petitioners' Motion to Restrain Collection will be entered.
Footnotes
1. For the sake of simplicity, we shall hereinafter refer to respondent's motion as respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike.↩
2. Petitioners apparently did not eliminate the remaining $ 10,000 of the ordinary loss in respect of Mid Continent in an effort to recognize a loss equal to the amount that petitioner had paid for his partnership interest.↩
3. The aforementioned entries resulted in a credit to petitioners' account. This credit, in the amount of $ 17.64, reflected the difference between the amount of interest remitted by petitioners with their amended return ($ 6,199.00) and the lesser amount subsequently assessed as interest by respondent ($ 6,181.36).↩
4. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.↩
5. Petitioners' total tax liability for 1983, in respect of partnership items relating to Mid Continent, was based on the disallowance of: (1) The $ 46,007 ordinary loss (resulting in tax liability of $ 23,004), and (2) the $ 190 investment tax credit, claimed by petitioners on their original return for 1983.↩
6. The credit of $ 17.64 represented the difference between the amount that petitioners designated as interest and remitted along with the amended return, i.e., $ 6,199, and the amount that respondent assessed as interest on March 9, 1987, i.e. $ 6,181.36.↩
7. According to the transcript of account for 1983, it appears that petitioners' account was erroneously credited with interest of $ 194.66 on February 28, 1985. However, that error was apparently corrected on the same day by an entry labelled "reversal of interest applied to account". If our understanding of the transcript of account is correct, respondent erred in including the $ 194.66 amount in her calculation of the sec. 6621(c)↩ interest shown as owing by petitioners in the notice of tax due dated May 30, 1994.
8. Sec. 6621(c) provides for interest at 120 percent of the normal rate established under sec. 6601. Sec. 6621(c) is applicable solely with respect to interest accruing after Dec. 31, 1984, even though the transaction was entered into prior to the date of enactment of sec. 6621(c). Solowiejczyk v. Commissioner, 85 T.C. 552 (1985), affd. without published opinion 795 F.2d 1005 (2d Cir. 1986). Sec. 6621(c)↩ was repealed by sec. 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Star. 2106, 2399, effective with respect to returns the due date for which is after December 31, 1989.
9. Petitioners also attach significance to a February 8, 1993, entry on their transcript of account reflecting an abatement of interest in the amount of $ 546.67. However, we are satisfied that this entry reflects an automatic computer-generated transaction that had the effect, as evidenced in the notice of tax due dated May 30, 1994, of reducing the inflated assessment initially made against petitioners on December 27, 1993. Accordingly, this entry does not support petitioners' contention that they paid a portion of the sec. 6621(c)↩ interest in question.
10. At the hearing of this matter, counsel for respondent conceded that a credit did exist in petitioners' account immediately before the December 27, 1993, assessment and that petitioners may therefore have been entitled to a small refund at that time. Nevertheless, counsel for respondent asserted that, absent the filing of a written designation under section 6 of Rev. Proc. 84-58, 1984-2 C.B. 501↩, 503, a credit to petitioners' account would first be applied against any outstanding tax liability, then to penalties, and finally to interest. This view varies from what actually occurred as reflected on the transcript of account for 1983.
11. The record does not indicate that petitioner was part of a "notice group" as defined in section 6223(b)(2)↩; thus, we shall not consider that provision in our discussion above.
12. We recently held that a taxpayer may attack the validity of an affected items notice on the ground that he was not properly notified of partnership level proceedings. Crowell v. Commissioner, 102 T.C. 683 (1994). Because petitioner was not entitled to direct notice of the partnership level proceedings, any reliance on Crowell↩ in this case is misplaced.
13. Whether the FPAAs were timely issued was an issue that could have been raised in the context of the Mid Continent partnership level proceeding. Crowell v. Commissioner, supra↩ at 693.