T.C. Memo. 1996-385


UNITED STATES TAX COURT


ELIANE OLSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20124-94.                    Filed August 20, 1996.

<u>Berkley Rasband</u>, for petitioner.

<u>David P. Monson</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion to Dismiss for Lack of Jurisdiction and to
Strike Partnership Items (respondent's Motion to Dismiss).  The
issues to be decided are: (1) Whether the affected items notice
of deficiency issued to petitioner is valid; and, if so, (2)
whether this Court has jurisdiction in an affected items

proceeding to determine whether petitioner is entitled to innocent spouse relief with respect to partnership items.

Background

Some of the facts have been stipulated, and they are so found.

In 1982, petitioner Eliane Olson (petitioner) was married to Robert C. Olson (Mr. Olson). Petitioner and Mr. Olson were divorced in 1984.

From 1982 until at least November 2, 1994, petitioner resided at 5242 S. Newton Street, Littleton, Colorado (the Newton Street address). From April 18, 1988 until at least September 26, 1995, Mr. Olson resided at 1445 E. Irish Lane, Littleton, Colorado (the Irish Lane address). Although the record does not indicate Mr. Olson's place of residence in 1982 to 1988, it is clear that he did not reside with petitioner.

Notwithstanding the existence of some marital discord, petitioner and Mr. Olson filed a joint Federal income tax return for 1982.

In 1982, Mr. Olson was a partner with a 1.2374-percent interest in a partnership known as Computer Graphics Partners, Ltd. Pacific (Computer Graphics). On their income tax return for 1982, petitioner and Mr. Olson deducted Mr. Olson's distributive share of the loss claimed by Computer Graphics on its partnership return for that year.

Computer Graphics was formed after September 3, 1982.
Accordingly, the examination of Computer Graphics' 1982 taxable
year was required to be made, and was in fact made, pursuant to
the unified partnership audit and litigation procedures set forth
in sections 6221 through 6231.[1]  Tax Equity and Fiscal
Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a),
96 Stat. 324, 648.

Petitioner's name and address do not appear on the Schedule
K-1 that was filed with the partnership's return for 1982.
Further, there is no indication on the schedule that petitioner
had any interest in Computer Graphics.  Petitioner never provided
any information to the Commissioner pursuant to section 6223(c)
or section 301.6223(c)-1T(b), Temporary Proced. and Admin. Regs.,
52 Fed. Reg. 6784 (Mar. 5, 1987) that she had any interest in
Computer Graphics.

### The Partnership Proceeding

In January 1985, and pursuant to section 6223(a)(1),
respondent mailed Mr. Olson a notice of beginning of
administrative proceeding (NBAP) regarding the examination of
Computer Graphics' partnership return for 1982.  The NBAP was
addressed to Mr. Olson and was mailed to the address set forth on
Schedule K-1 of the partnership return.

---

[1] Unless otherwise indicated, all section, subchapter, and
chapter references in this Opinion are to the Internal Revenue
Code, as amended.

On March 23, 1988, and pursuant to section 6223(a)(2), respondent mailed a notice of final partnership administrative adjustment (FPAA) to Computer Graphics' tax matters partner (TMP) regarding the partnership's 1982 taxable year. Approximately one month later, on April 18, 1988, and pursuant to section 6223(a)(2) and (d)(2), respondent mailed a copy of the FPAA to petitioner and Mr. Olson at Mr. Olson's Irish Lane address.

The copy of the FPAA that was sent to petitioner and Mr. Olson was addressed to "Robert C. and Eliane Olson" because petitioner and Mr. Olson had filed a joint Federal income tax return for 1982. By virtue of section 6231(a)(2)(B), petitioner is deemed to be a partner for purposes of the unified partnership audit and litigation procedures.[2]

In August 1988, a petition for readjustment of partnership items was filed in response to the FPAA that respondent had previously issued in respect of Computer Graphics' 1982 taxable year. The petition, which was assigned docket No. 21062-88, was filed by a partner other than petitioner or Mr. Olson, and it served to commence a partnership level proceeding (the partnership proceeding).

---

[2] Pursuant to sec. 6231(a)(2)(B), the term "partner" includes not only a partner in the partnership, but "any other person whose income tax liability * * * is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership." By virtue of sec. 6013(d)(3), the liability for income tax in respect of a joint return filed by a husband and wife is joint and several.

On June 10, 1993, the Court entered an Order and Order of Dismissal and Decision (the final order) in the partnership proceeding. The final order dismissed the partnership proceeding and sustained respondent's adjustments as determined in the FPAA.

On August 29, 1994, a computational adjustment was assessed against petitioner. The computational adjustment was made to record the change in petitioner's tax liability resulting from the Court's final order dismissing the partnership proceeding and sustaining the partnership items relating to Computer Graphics for 1982. See sec. 6226(h).

The Affected Items Proceeding

On August 26, 1994, respondent mailed petitioner a notice of deficiency in which respondent determined that, for 1982, petitioner was liable for additions to tax for negligence under section 6653(a)(1) and 6653(a)(2) and an addition to tax for a substantial understatement of income tax under section 6661. These additions to tax are affected items because they are based on tax owing by petitioner as a result of adjustments to partnership items appearing on Computer Graphics' partnership return for 1982.

Petitioner timely filed a petition for redetermination with respect to the affected items notice of deficiency. In the petition, petitioner claims that she is entitled to relief as an

innocent spouse with respect to both the computational adjustment relating to the partnership items and the additions to tax.

As previously indicated, respondent has filed a Motion to Dismiss. In this motion, respondent moves to dismiss for lack of jurisdiction and to strike those allegations set forth in the petition that pertain to petitioner's liability for partnership items for 1982. Respondent does not dispute that petitioner is entitled to raise the innocent spouse defense as to the additions to tax determined in the affected items notice of deficiency.

Discussion

In general, the tax treatment of any partnership item is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6231. TEFRA sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to all taxable years of a partnership beginning after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986). Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

An affected item is defined in section 6231(a)(5) as any item to the extent that such item is affected by a partnership

item.  White v. Commissioner, 95 T.C. 209, 211 (1990).  There are two types of affected items.  Id.

The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of partnership items.  Sec. 6231(a)(6); White v. Commissioner, supra.  Once partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a notice of deficiency.  Sec. 6230(a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987); Maxwell v. Commissioner, supra at 792 n.9.

The second type of affected item is one that is dependent on factual determinations to be made at the partner level.  N.C.F. Energy Partners v. Commissioner, supra at 744.  Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to affected items that require determinations at the partner level.  The additions to tax for negligence and substantial understatement at issue in this case are examples of such affected items.

The Court may not adjudicate computational adjustments in an affected items proceeding.  Bradley v. Commissioner, 100 T.C. 367, 371 (1993); Saso v. Commissioner, 93 T.C. 730 (1989); Maxwell v. Commissioner, supra at 788; Palmer v. Commissioner, T.C. Memo. 1992-352, affd. without published opinion 4 F.3d 1000

(11th Cir. 1993). Indeed, we have expressly held that we lack jurisdiction to consider computational adjustments in a subsequent affected items proceeding to redetermine additions to tax. However, in <u>Crowell v. Commissioner</u>, 102 T.C. 683 (1994), we held that a taxpayer could challenge the validity of the affected items notice of deficiency on the ground that respondent failed to properly notify the taxpayer partner of the underlying partnership level proceeding.

Validity of the Affected Items Notice of Deficiency

Section 6223(a) generally requires that the Commissioner mail each partner, whose name and address is furnished to the Commissioner, notice of:  (1) The beginning of an administrative partnership proceeding, and (2) the final partnership administrative adjustment resulting from that proceeding.  To comply with section 6223(a), the Commissioner is required to use the names, addresses, and profits interests of the partners shown on the partnership return for the taxable year in issue, as modified by any additional information supplied in accordance with applicable regulations.  Sec. 6223(c); Triangle Investors Ltd. Partnership v. Commissioner, 95 T.C. 610, 613 (1990); sec. 301.6223(c)-1T(f), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987).

Supplementing the general provisions in section 6223(a), section 301.6231(a)(2)-1T(a)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), provides that "a spouse who files a joint return with an individual holding a separate interest in [a] partnership shall be treated as receiving any notice received by the individual holding the separate interest." This rule of constructive notice does not apply, however, if the spouse without a separate partnership interest is identified on the partnership return or has furnished information to the Commissioner with respect to his or her indirect interest in the

partnership. Sec. 301.6231(a)(2)-1T(a)(3)(ii)(A) and (B), Temporary Proced. & Admin. Regs.; sec. 301.6223(c)-1T(b), Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

Petitioner contends that she was deprived of notice that the partnership action had been commenced because she was living at the Newton Street address on the date that the FPAA was mailed to Mr. Olson at the Irish Lane address. Further, petitioner claims that she and Mr. Olson had a very strained relationship and that he did not inform her that he had received the FPAA.

We think that it is clear from our findings of fact that respondent properly notified petitioner of the Computer Graphics' partnership proceeding for the 1982 taxable year. Petitioner is treated as though she was a partner in Computer Graphics because she filed a joint return with Mr. Olson, who held a separate interest in Computer Graphics for 1982. Therefore, under the circumstances herein, any notice of the partnership proceeding that was properly provided to Mr. Olson is deemed to have been properly provided to petitioner. Sec. 301.6231(a)(2)-1T(a)(3)(i), Temporary Proced. & Admin. Regs. Respondent properly notified Mr. Olson of the partnership proceeding by mailing a copy of the FPAA to Mr. Olson at his current address as of April 18, 1988; i.e., the Irish Lane address.

If Mr. Olson did not inform petitioner of the partnership proceeding, it is unfortunate. But, as much as we may sympathize

with petitioner, the fact remains that respondent complied with the statutory requirements in notifying Mr. Olson about the Computer Graphics' partnership proceeding and, thus, is deemed to have properly notified petitioner of such proceeding.

Because petitioner was properly notified of the partnership level proceeding regarding Computer Graphics, we hold that the affected items notice of deficiency is valid as to her.

Jurisdiction Regarding the Innocent Spouse Defense

In her petition, petitioner claims that she is entitled to innocent spouse relief under section 6013(e) with respect to not only the additions to tax determined in the affected items notice of deficiency, but also the computational adjustment that respondent assessed against her on August 29, 1994.

Respondent acknowledges that petitioner is entitled to raise the innocent spouse defense with respect to the additions to tax determined in the affected items notice of deficiency.  However, respondent contends that this Court lacks jurisdiction in an affected items proceeding to consider the innocent spouse defense with respect to a computational adjustment.  We agree with respondent.

As previously mentioned, this Court has no jurisdiction to consider challenges to computational adjustments in an affected items proceeding.  Bradley v. Commissioner, supra; Saso v. Commissioner, supra; Maxwell v. Commissioner, supra, Palmer v.

Commissioner, supra.  In the instant case, petitioner is directly challenging the computational adjustment made pursuant to the dismissal of the partnership proceeding by asserting that she is not liable for the computational adjustment.  However, petitioner has already been held liable for such adjustment by virtue of the dismissal of the partnership proceeding, which dismissal served to sustain respondent's disallowance of the partnership items relating to Computer Graphics for 1982.  It follows that we may not review petitioner's liability for the computational adjustment in the present proceeding.

Viewing the matter from a slightly different perspective, it is apparent that the provisions of section 6013(e) relieving a spouse of liability in certain cases represent a defense to liability.  In the present case, petitioner's liability for tax in respect of partnership items has already been determined. Accordingly, we are without jurisdiction in an affected items proceeding to reconsider petitioner's liability for such tax. See Greene v. Commissioner, T.C. Memo. 1995-105 (period of limitations for assessing a computational adjustment is a defense to liability for such adjustment; such defense may therefore not be asserted in an affected items proceeding); English v. Commissioner, T.C. Memo. 1990-662 ("In a proceeding by an individual partner based upon determinations of his tax liability at the partner level, we have no power to deal with any question

relating to the validity of, or defense against any adjustments set forth in, the FPAA, even though the determination against the individual partner is an 'affected item', i.e., affected by a partnership item.").

In view of the foregoing, we hold that to the extent that petitioner is seeking relief from liability for the computational adjustment attributable to partnership items, the Court lacks jurisdiction to consider her claim.[3]  See <u>Mann-Howard v. Commissioner</u>, T.C. Memo. 1992-537; see also <u>Carmel v. Commissioner</u>, 98 T.C. 265 (1992).

Conclusion

In order to reflect the foregoing,

<u>An order granting respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike Partnership Items will be issued.</u>

---

[3] At the hearing and on brief, respondent's counsel represented that it is generally the Commissioner's practice to consider administratively a taxpayer's claim that the taxpayer is entitled to innocent spouse relief with respect to a computational adjustment at the same time that such claim is considered with respect to the affected items (such as additions to tax) that are the subject of a petition for redetermination. Respondent's counsel also represented that if the innocent spouse issue is litigated, it is generally the Commissioner's practice to abate the tax assessed pursuant to the computational adjustment if the Court decides that the taxpayer is entitled to innocent spouse relief with respect to affected items.